Tbe opinion of tbe Court was delivered by
Withers, J.
Tbe scire facias, in each of these cases, having been issued after interlocutory judgment obtained by tbe plaintiff’s intestate against each of these defendants, and each of them having failed to appear to tbe original writ, tbe question is, whether entering appearance to tbe scire facias, worked an imparlance ipso facto, and put tbe plaintiff to declare. Though matter was submitted as to one of tbe two cases, it did not amount to cause shown, for it was said merely, that *38 tbe party defendant did not admit tbat tbe plaintiff was administrator; and when interpreted, by statements at bar, tbe matter meant to be contested was, tbat tbe ordinary bad not made dne citation of all in interest, in tbe suit to obtain letters. It is clear tbat, tbe letters being produced, sucb matter could not be beard in any pleading tbat could arise between these parties, brought forth by future litigation in these causes.' It would have been very different if an appeal, taken according to law from the Ordinary’s judgment, had been pending.
No case has been discovered in tbe English books, or in our own, where the defendant resists a scire facias on a judgment interlocutory, founded on his default to appear to the action.
In Gibbs vs. Wainwright, 1 Bay, 476, tbe opinion reported discloses a case of scire facias on final judgment; Lanier vs. Smith, 2 Bail. 357, (5 MSS. 253,) presents a very brief report, but it was probably a scire facias to revive a final judgment, between the original parties, in which the defendant in the scire facias entered no appearance.
In the former case, it is distinctly ruled, tbat a defendant, brought in by scire facias is not entitled, as of right, either at common law or by any rule of Court, to an imparlance, by reason of entering an appearance, notwithstanding the practice to that effect was urged upon tbe Court. It was ruled, tbat on sufficient cause shown, tbe Court 11 will, if necessary, allow an imparlance, but never will, as a matter of course, in' every case.” In the latter case, tbe precise point was, whether judgment of revivor upon motion and order, tbe cause not appearing on the docket, and no ehtry made in the minutes, would be set aside, the defendant having entered no appearance to the scire facias. Judgment so pronounced was ruled to be valid, in such circumstances; and only a very general proposition, as to practice in general on scire facias, is announced by the Court, derived from Tidd.
*39 Pursuing tbe stat. 8 & 9 Wm. 3, cb. 11, sec. 6, wbicb was passed to prevent frivolous and vexatious suits, our legislation provides as follows: "If any plaintiff happen to die after interlocutory and before final judgment, tbe action shall not abate by reason thereof, if such action might be originally prosecuted by the executors or administrators of such plaintiff,” — “ and his executors or administrators shall and may have a scire facias against the defendant, to show cause why damages in such action should not be assessed and recovered, and if such defendant shall appear, at the return of such writ, and ndt show, or allege, any matter sufficient to arrest final judgment,” — or shall make default, &c., “ thereupon a writ of inquiry of damages shall be awarded, which being executed, judgment final shall be given for the plaintiff,” &c., 7 Stat. 193.
This language scarcely leaves ground to doubt, that, in all the cases contemplated, some cause to arrest final judgment must be “alleged1' at least, and that this must be done "at the return of the writ.” To no case could the obvious import of the Act be applied more properly than to the present, where the defendants were in condition, if the plaintiff had lived, to make no defence, (having entered no appearance to the action,) except such as can be made for reduction of damages on a writ of inquiry — and where no imparlance, or postponement of the plaintiff could have been awarded. Ought his death to work such advantage to persons who, by default, admit the cause of action, and such injury to the estate of a deceased litigant? There can be but one answer, and that in the negative — and this answer is supported by a case of our own, long since decided and unreversed, as well as by the plain sense of the statute on the subject.
It is well settled that no matter can be pleaded to a scire facias which might have been set up as a defence to the original action, otherwise there would be no end of the proceedings ; and after an interlooutory- judgment against the defend *40 ant, bis executor can plead only a release, or other matter in bar arising puis darrien continuance. Surely where the defendant himself survives, and is not in condition to file any plea at all, provided the plaintiff had lived, he ought to show, or “ allege,” when the process is issued merely to connect the plaintiff’s representative with the record, something which has arisen puis 'darrien continuance, sufficient to “ arrest the final judgment,” or at the least to affect the amount of damages to be assessed and awarded. Without some strong reason or clear authority we ought not to visit the plaintiff here with what, for aught that appears, would be a, merely vexatious delay, and that too without advancing at all any defence that the defendants could make at a subsequent term. Against this result a plaintiff’s representative ought to be protected for the same reason that requires scire facias to be twice issued against a defendant’s representative, who is brought in pendente Hie, before he can be made chargeable to the action. Neither party to the cause ought to be placed in a better or worse situation by reason of the death of one or the other, after interlocutory judgment upon a cause of action that survives, on a case undefended especially.
Theoretical law is not violated by this decision. Granting that that may become an action where a plea is' required or may be filed, yet a scire facias issued under circumstances such as exist here, is not in any proper sense, an action begun, though the process be returnable at a general' return day, and require the party to appear. This is nothing but the continuation of an action pending, intended merely to substitute a privy in law in lieu of a deceased plaintiff, and is properly called a writ of execution. In one case, of the general class to which this belongs, the writ and declaration were called synonymous, and when a demurrer was filed to the declaration and the reply was that the writ was good and sufficient for execution, it was ruled sufficient, and that the declaration served only to conduct the writ upon the roll, Blake vs. Dode- *41 mead and wife, 2 Stra. 775. In another a scire facias disclosing the facts upon which, it was founded and requiring an answer from the defendant, was said to be in the nature of a declaration: 2 Tidd, 1140 (8th ed.) Vaughan vs. Floyd, 1 Sid. 406. Our summary process is so regarded. In the present case it is difficult to conceive what a declaration could disclose which the writ does not, or what proper or useful end it would serve, when no ground of defence is disclosed. .
There are many cases in which original actions are begun by this species of process — vide Tidd. Prae. 1139, (8th ed.) Proceedings to repeal letters patent, or revoke franchises are examples. In many others, proceedings in this form' are in nature of original actions. In such cases the usual impar-lance and proceedings to issue by accustomed pleadings may be very proper. But in cases such as are now before us, the mere entering of appearance, or showing insufficient cause, cannot work such consequences. The English Books consider a proceeding to revive an absolute or final judgment in the nature of an original action, because the plaintiff's attorney must have a new warrant and retainer to authorise him to sue out a scire facias, which is not so of a mere writ of execution — and a new right accrues to the plaintiff, on revivor, as to the presumption of payment from lapse of time, which would be reckoned from the entry of the judgment of revivor. ■ But the first reason does not apply here at all, and neither would apply here, or in England, in such cases, as these are.
The motions are dismissed.
O’Neall, Wabdlaw, Whitnee, Glover and Munro, JJ., concurred.

Motions dismissed.